ORIGINAL

FILED IN OPEN COURT
U.S.D.C. Atlanta

AUG 11 2015

James N. Hatten, Clerk
By: Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANTONIO SANDRIDGE AND RODNEY SANDRIDGE | Criminal Indictment<br><br>No. 1 15-CR-300 |

THE GRAND JURY CHARGES THAT:

## Count One
### (Mail Fraud Conspiracy)

1.  Beginning at least by on or about June 1, 2012, and continuing until at least on or about February 3, 2014, in the Northern District of Georgia and elsewhere, the defendants, ANTONIO SANDRIDGE and RODNEY SANDRIDGE, did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with each other and with others known and unknown to the Grand Jury to devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses and representations, and by omission of material facts, well knowing and having reason to know that said pretenses and representations were and would be false and fraudulent when made and caused to be made and that said omissions were and would be material, and, in so doing, caused to be deposited things sent and delivered by the Postal Service and private and commercial interstate carriers in furtherance of the scheme and artifice to defraud, in violation of Title 18, United States Code, Section 1341.

## Scheme to Defraud

2.     ANTONIO SANDRIDGE and RODNEY SANDRIDGE, aided and abetted by each other and others known and unknown to the Grand Jury, would contract for virtual office space services at locations in the Northern District of Georgia, often using false and fraudulent information. These virtual office space services permitted the defendants to, among other things, lease office space and receive mail at the leased office space address.

3.     ANTONIO SANDRIDGE and RODNEY SANDRIDGE, aided and abetted by each other and others known and unknown to the Grand Jury, would either create a corporate entity or use the name of an existing corporate entity to submit purchase orders for electronics, including computer tablets, laptops, and televisions, to electronics dealers. The corporate entities used to place the purchase orders conducted no actual business through the defendants.

4.     In purchase orders, ANTONIO SANDRIDGE and RODNEY SANDRIDGE, aided and abetted by each other and others known and unknown to the Grand Jury, would list a leased virtual office space as the address of the corporate entity used to order the electronics.

5.     In communicating with the electronics dealers, ANTONIO SANDRIDGE and RODNEY SANDRIDGE, aided and abetted by each other and others known and unknown to the Grand Jury, would sometimes use false and fictitious names. To provide the appearance of functioning businesses, ANTONIO SANDRIDGE and RODNEY SANDRIDGE, aided and abetted by each other and others known and unknown to the Grand Jury, would sometimes

submit to electronics dealers false and fraudulent documents for the corporate entities that they used to order electronics.

6. Electronics dealers would, relying on communications with and documents received from ANTONIO SANDRIDGE and RODNEY SANDRIDGE, aided and abetted by each other and others known and unknown to the Grand Jury, ship electronics or cause other electronics dealers to ship electronics via the Postal Service and by private and commercial interstate carriers to virtual office space locations without receiving full payment for the shipped products.

7. ANTONIO SANDRIDGE and RODNEY SANDRIDGE, aided and abetted by each other and others known and unknown to the Grand Jury, would retrieve the electronics from the virtual office space locations and never pay the outstanding balances for the shipped products.

8. After obtaining the electronics from the virtual office space locations, ANTONIO SANDRIDGE and RODNEY SANDRIDGE, aided and abetted by each other and others known and unknown to the Grand Jury, would resell the fraudulently obtained electronics for profit.

All in violation of Title 18, United States Code, Section 1349.

### Counts Two through Seven
### (Wire Fraud)

9. The factual allegations contained within paragraphs 2 through 8 are realleged and incorporated herein.

10. On or about the dates set forth in the table below, in the Northern District of Georgia and elsewhere, ANTONIO SANDRIDGE and RODNEY

SANDRIDGE, aided and abetted by each other and others known and unknown to the Grand Jury, for the purpose of executing and attempting to execute the scheme and artifice described above in paragraphs 2 through 8, such scheme and artifice having been devised and intended to be devised to defraud, and for the purpose of obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, as well as by omissions of material fact, knowing and having reason to know that the pretenses, representations, promises, and omissions were and would be material, did cause the wire communications described in the table below to be transmitted in interstate commerce to the electronics providers listed in the table below:

| Count | Date (on or about) | Wire Communication | Item Transmitted | Electronics Provider |
|---|---|---|---|---|
| 2 | Dec. 13, 2012 | Facsimile | Purchase Order | ModComp, Inc. |
| 3 | Dec. 18, 2012 | Facsimile | Purchase Order | ModComp, Inc. |
| 4 | April 3, 2013 | Facsimile | Purchase Order | Carolinas IT, Inc. |
| 5 | May 2, 2013 | E-mail | Credit Application | Technology Integration Group |
| 6 | May 21, 2013 | E-mail | Purchase Order | Technology Integration Group |
| 7 | June 6, 2013 | E-mail | Credit Application | Howard Industries, Inc. |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## Counts Eight and Nine
## (Mail Fraud)

11. The factual allegations contained within paragraphs 2 through 8 are realleged and incorporated herein.

12. On or about the dates set forth in the table below, in the Northern District of Georgia and elsewhere, the defendants, ANTONIO SANDRIDGE and RODNEY SANDRIDGE, aided and abetted by each other and others known and unknown to the Grand Jury, for the purpose of executing and attempting to execute the scheme and artifice to defraud described above in paragraphs 2 through 8, knowingly and willfully caused to be delivered, by the Postal Service and by private and commercial interstate carrier, electronics from Tech Data Corporation to the virtual office space locations and corporate entities listed in the table below:

| Count | Date (on or about) | Virtual Office Space Location | Corporate Entity |
| --- | --- | --- | --- |
| 8 | March 8, 2013 | 200 Peachtree Street, Suite A206, Atlanta, GA 30303 | G2G Property Management |
| 9 | April 4, 2013 | 200 Peachtree Street, Suite A206, Atlanta, GA 30303 | G2G Property Management |

All in violation of Title 18, United States Code, Sections 1341 and 2.

## Forfeiture

13.     As a result of committing one or more of the offenses alleged in Counts One through Nine, the defendants, ANTONIO SANDRIDGE and RODNEY SANDRIDGE, shall forfeit to the United States of America, under Title 18, United States Code, Sections 981 (a)(l)(C) and Title 28, United States Code, Section 2461(c), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such offenses.

14.     If, as a result of any act or omission of the defendants, ANTONIO SANDRIDGE and RODNEY SANDRIDGE, any property subject to forfeiture: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, the United States intends, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 981(b)(1) and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of such

defendant up to the value of the forfeitable property.

A _____ BILL
FOREPERSON

JOHN A. HORN
United States Attorney

SAMIR KAUSHAL
Assistant United States Attorney
Georgia Bar No. 935285

600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303
t/404-581-6000
f/404-581-6181