IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

*v.*

RODNEY SANDRIDGE

Criminal Action No.

1:15-CR-00300-LMM-LTW-02

## MOTION IN LIMINE TO EXCLUDE ARGUMENT OR EVIDENCE ON PENALTIES OR ANY MATTER THAT COULD PROMOTE JURY NULLIFICATION

The United States of America, by John A. Horn, United States Attorney, and Samir Kaushal, Assistant United States Attorney for the Northern District of Georgia, files this Motion in Limine to Exclude Argument or Evidence On Penalties Or Any Matter That Could Promote Jury Nullification.

## Background

The indictment charges Rodney Sandridge and his brother, Antonio Sandridge, with mail fraud conspiracy, wire fraud, mail fraud, and aiding and abetting.  (Doc. 1.)  The maximum term of imprisonment for each count in the indictment is 20 years.  18 U.S.C. §§ 1341, 1343, and 1349.

## Argument

The Constitution provides criminal defendants with the rights to present evidence and call witnesses at trial.  U.S. CONST. amend. V, VI; *United States v. Hurn*, 368 F.3d 1359, 1362 (11th Cir. 2004).  However, those rights are not

absolute. *See id*. at 1365–66. Indeed, it "is axiomatic that a defendant's right to present a full defense does not entitle him to place before the jury irrelevant or otherwise inadmissible evidence." *United States v. Anderson*, 872 F.2d 1508, 1519 (11th Cir. 1989). Accordingly, defendants are only constitutionally entitled to present evidence that is relevant to an element of the charged offenses or to an affirmative defense. *Hurn*, 368 F.3d at 1365–66; *United States v. Masferrer*, 514 F.3d 1158, 1161 (11th Cir. 2008).

Under these principles, neither penalty nor jury nullification argument or evidence should be admissible at trial.

## A. Evidence or argument about criminal penalties should not be admissible.

Sandridge should be prohibited from introducing evidence or argument regarding the penalties for the charged offenses. The "question of punishment should never be considered by the jury in any way in deciding [a] case." *United States v. McDonald*, 935 F.2d 1212, 1222 (11th Cir. 1991) (internal quotation marks omitted); ELEVENTH CIRCUIT PATTERN JURY INSTRUCTIONS (Criminal Cases), Basic Instruction No. 10.2 (2016) ("You must never consider punishment in any way to decide whether the Defendant is guilty."). The rationale for excluding penalty evidence is plain: the penalties associated with a conviction are not probative of guilt or innocence. *Rogers v. United States*, 422 U.S. 35, 40, 95 S. Ct. 2091, 2095 (1975) (explaining that jury "should reach its verdict without regard to what sentence might be imposed"). Instead, penalty evidence compromises the verdict, confuses the

jury, and invokes sympathy for the defendant. Accordingly, the United States moves to preclude Sandridge from introducing evidence or argument regarding the potential penalties he faces upon conviction, including: (a) the maximum penalties associated with the charged offenses; (b) that, if convicted, Sandridge could be sentenced to prison; and (c) that the charged conduct does not warrant a felony conviction.

### B. Evidence or argument promoting jury nullification should not be admissible.

Sandridge should be prohibited from introducing evidence or argument designed to induce jury nullification, an anomaly that is described as a "jury's knowing and deliberate rejection of the evidence or refusal to apply the law either because the jury wants to send a message about some social issue that is larger than the case itself or because the result dictated by law is contrary to the jury's sense of justice, morality, or fairness." BLACK'S LAW DICTIONARY 936 (9th ed. 2009).

Arguments and evidence promoting jury nullification have no place in a criminal trial because they promote "lawless" verdicts that deny due process:

> A jury has no more "right" to find a "guilty" defendant "not guilty" than it has to find a "not guilty" defendant "guilty," and the fact that the former cannot be corrected by a court, while the latter can be, does not create a right out of the power to misapply the law. Such verdicts are lawless, a denial of due process and constitute an exercise of erroneously seized power.

*United States v. Funches*, 135 F.3d 1405, 1409 (11th Cir. 1998) (quoting *United States v. Washington,* 705 F.2d 489, 494 (D.C. Cir. 1983)); *see* ELEVENTH CIRCUIT PATTERN JURY INSTRUCTIONS (Criminal Cases), Basic Instruction No. 2.1 (2016) ("You must follow the law as I explain it—even if you do not agree with the law[.]"); *United States v. Muentes*, 316 F. App'x 921, 926 (11th Cir. 2009) ("[D]efense counsel may not raise arguments that would encourage jury nullification."); *United States v. Hall*, 188 F. App'x 922, 925 (11th Cir. 2006) (explaining that "defendant is not entitled to . . . instruction or . . . argument for jury nullification"); *United States v. Trujillo*, 714 F.2d 102, 106 (11th Cir. 1983) ("[C]ounsel may not argue jury nullification during closing argument.").

Thus, the United States moves this Court to preclude Sandridge from introducing evidence designed to encourage jury nullification.  By way of example, the United States is moving to preclude:

- <u>Evidence or argument challenging the government's charging decisions</u>. Evidence presented at trial will show that Sandridge, his brother, and others were involved in a conspiracy.  But presentation of that evidence does not open the door to allowing Sandridge to argue that he should be acquitted because another individual was not charged.[1]

---

[1] Courts have long recognized the need to provide prosecutors discretion to decide how to charge their cases.  *Young v. United States ex rel. Vuitton Et Fils S. A.*, 481 U.S. 787, 807, 107 S. Ct. 2124, 2137 (1987) ("A prosecutor exercises considerable discretion in matters such as the determination of which persons should be targets of investigation, . . .  which persons should be charged with what offenses, [ and] which persons should be utilized as witnesses[.]").

· <u>Evidence or argument presented to raise sympathy for Sandridge or his</u> <u>family</u>.  *See Funches*, 135 F.3d at 1409 (finding no error where defendant was precluded from presenting evidence that would support nullification, "even if the evidence might have encouraged the jury to disregard the law and to acquit the defendant").

· <u>Evidence or argument presented to depict Sandridge as an "honorable and</u> <u>contributing member of society."</u>  *United States v. Joseph*, 567 F. App'x 844, 849 (11th Cir. 2014).

In short, Sandridge should be limited to "legally tenable argument[s]" that pertain to the elements of the charged offenses.  *Id.* (explaining that the Eleventh Circuit has "repeatedly disapproved of jury nullification").

## Conclusion

For the reasons stated above, the United States respectfully requests that Sandridge be precluded from presenting evidence or argument about potential criminal penalties or jury nullification.

Respectfully submitted,

JOHN A. HORN
UNITED STATES ATTORNEY

/s/ Samir Kaushal
SAMIR KAUSHAL
ASSISTANT UNITED STATES ATTORNEY
600 U.S. Courthouse
75 Ted Turner Drive, S.W.
Atlanta, GA 30303
Samir.Kaushal@usdoj.gov
Ga. Bar No. 935285

600 U.S. Courthouse, 75 Ted Turner Drive S.W., Atlanta, GA 30303
(404) 581-6000   fax (404) 581-6181

**Certificate of Service**

I served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

> Judy Kim, Esq.
> Kimani King, Esq.
> *Counsel for Rodney Sandridge*

January 3, 2017

> /s/ SAMIR KAUSHAL
> SAMIR KAUSHAL
> *Assistant United States Attorney*